UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. No. 2:10-486-1 |
| | § | |
| MARIO HERNANDEZ, JR. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO SUPPRESS**

On May 5, 2010, Corpus Christi Police Officers executed a search and arrest warrant for Defendant Mario Hernandez, Jr. at the residence located at 4403 Acushnet "D" in Corpus Christi, Texas. The officers seized five firearms, 1.74 kilograms of cocaine, a small amount of marijuana, other drug paraphernalia, and $43,990.00 in United States currency. Defendant was occupying the residence when the warrant was executed. Defendant is charged with possession of cocaine with intent to distribute and being a convicted felon in possession of a firearm, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §922(g)(1).

Pending before the Court is Defendant's motion to suppress and exclude the evidence seized during the search and the inculpatory statements he made to agents after his arrest. He argues the evidence was unlawfully seized pursuant to an invalid warrant and that his subsequent statements should be excluded as fruit of the poisonous tree. Specifically, Defendant complains the affidavit upon which the warrant was based contains deliberately false statements and is "bare bones."

On August 19, 2010, the Court held an evidentiary hearing on Defendant's motion. After considering the pleadings, evidence, and argument offered by both parties, the Court finds Defendant's motion to suppress should be DENIED (D.E. 9).

1

#### I. Applicable Law

The Court uses a two-step process to evaluate a motion to suppress evidence obtained pursuant to a warrant. *United States v. Sibley*, 448 F.3d 754, 757 (5th Cir. 2006) (citing *United States. v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999)). First, the Court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies. *Cherna*, 184 F.3d at 407. If the Court finds the good-faith exception applies, the Court's analysis ends.[1] *Id*. If the Court finds the good-faith exception does not apply, the Court must next determine whether the warrant is supported by probable cause. *Id* If the good-faith exception applies, the Court need not reach the question of probable cause. *Id*.

In *United States v. Leon*, the Supreme Court held that evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992) (citing *Leon*, 468 U.S. at 923, 104 S.Ct at 3421)). The "good faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known the search was illegal despite the magistrate's authorization." *U.S. v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (citing *Satterwhite*, 980 F.2d at 320). The good-faith exception does not apply when: (1) the magistrate judge issues a warrant in reliance on a deliberately false affidavit; (2) the magistrate judge abandons his or her judicial role and fails to perform in a neutral and detached fashion; (3) the warrant is based on an affidavit so lacking in

---

[1] When reviewing a district court's denial of a motion to suppress, the Fifth Circuit Court of Appeals employs the same two-step process of review. If the appellate court determines the good-faith exception applies, its analysis also ends, and the appellate court affirms the district court's decision to deny the motion to suppress. *Cherna*, 184 F.3d at 407 (citing *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).

indica of probable cause as to render an officer's belief it in it unreasonable; or (4) the warrant is so facially deficient that it fails to particularize the place to be searched or the items to be seized. *Leon*, 468 U.S. at 914, 104 S.Ct at 3405.

## II.    Analysis

Defendant contends the good-faith exception does not apply in this case for two reasons. Defendant first objects that the sworn affidavit of Detective Lonnie Garcia, upon which the warrant was based, contains false statements that were made deliberately and with reckless disregard for the truth. Specifically, Defendant challenges Detective Garcia's statements that (1) Defendant was "in charge of and controlled" the residence located at 4033 Acushnet "D," and (2) that he [Detective Garcia] "conducted a trash pick up on the suspected party Mario Hernandez at 4033 Acushnet Apartment D..." Defendant contends the first statement is not true. With respect to the second statement, Defendant does not dispute that Detective Garcia conducted a trash pick up at the address. Rather, Defendant objects to the statement to the extent it infers the trash belonged to Defendant. In support of his motion, Defendant offers the lease agreement and bills associated with the address, all of which reflect that his sister, Melissa Hernandez, was the primary resident of the town home.

The Court finds Defendant's argument has no merit. On August 19, 2010, the Court held an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[2] The Court heard the live testimony of Detective Garcia and Defendant's sister, Melissa

---

[2] Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. *Franks*, 438 U.S. 155-56, 98 S.Ct. at 2676-77. In the event that at the hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the

Hernandez. Detective Garcia testified that an informant, Chris Trevino, told and physically pointed out to him that Defendant lived at 4033 Acushnet Apartment D. Detective Garcia testified that he conducted surveillance of residence over a four day period before he executed the warrant. He testified that on multiple occasions he observed Defendant "coming and leaving the residence." He also observed Defendant open the front door with a key and exit the garage in his vehicle.

Melissa Hernandez testified that while she is the sole lessee of the town home and obtained all utility services in her name, her brother had permission to use the residence on a daily basis. According to his sister's testimony, Defendant had "free reign" to go in and out of the house as he pleased and typically stayed overnight two times a week. Ms. Hernandez also testified that Defendant had a key to the residence and regularly kept his personal items and wardrobe in the upstairs bedroom. She testified that Defendant exercised control over the interior of the residence, including the kitchen area where the cocaine was found.

Based on the foregoing, the Court finds Defendant has failed to demonstrate by a preponderance of the evidence that Detective Garcia made a deliberately false affidavit. At most, Detective Garcia's statement about Defendant being *in charge* of the residence is inaccurate. However, Defendant offers no evidence whatsoever to demonstrate that Detective Garcia intentionally made such statements knowing they were false or with reckless disregard for their truth. In fact, the evidence demonstrates Defendant was, to some degree, in charge of the residence. At the very least, there record shows that Detective Garcia had a substantial factual basis for believing that Defendant was in fact in charge of and controlled the residence. Defendant's objection is overruled.

---

fact of the affidavit. *Id*.

Defendant next objects that Detective Garcia's affidavit is a "bare bones" affidavit, i.e. so lacking in indicia of probable cause as to render an officer's belief it in it unreasonable. Defendant argues the affidavit (1) does not provide specific facts linking Defendant to the residence, and (2) fails to substantiate the informant's reliability.

A magistrate's determination of probable cause is entitled to great deference by reviewing courts. *U.S. v. Brown*, 941 F.2d 1300, 1302-03 (5th Cir. 1991) (citing *Illinois v. Gates*, 462 U.S. 213, 236 n. 10, 103 S.Ct. 2317, 2331 n.10, 76 L.Ed 527 (1983)). A magistrate need only have a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. *Id.* (citing *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 LEd2d 697 (1960). A "bare bones" affidavit is insufficient to establish probable cause. *Id.* "Bare bones" affidavits contain wholly conclusory statements, which lack facts and circumstances from which a magistrate judge can independently determine probable cause. *Satterwhite*, 980 F.2d at 321.[3]

In considering whether an affidavit has sufficient indicia of probable cause to search, the affidavit must establish a nexus between the house to be searched and the evidence sought. *United States v. Broussard*, 80 F.3d 1025, (5th Cir. 1996). That nexus may be established by direct observation or through normal inferences as to where the articles sought would be located. *Id*.

The Court finds Detective Garcia's affidavit is not a "bare bones" affidavit. The Court acknowledges that the affidavit could have included more information and that certain portions of

---

[3] Examples of "bare bones" affidavits include one that states the affiant "has cause to suspect and does believe" that liquor illegally imported is located on certain premises, and one where the affiants "have received reliable information from a credible person and do believe" that herion is stored in a home. *Brown*, 941 F.2d 1303, n. 3

Detective Garcia's affidavit, standing alone, are insufficient to establish probable cause.[4]  A probable-cause determination, however, must be based on the "totality of the circumstances" rather than on isolation of "each factor of suspicion." *United States v. Saucedo-Munoz*, 307 F.3d 344 (5th Cir. 2002) (citing *United States v. Arvizu*, 534 U.S. 266 (2002)). *See also United States v. Shugart*, 117 F.3d 838, 843-44 (5th Cir. 1997) (holding that certain "technical errors" in "applications for search warrants do not undermine" the objectively reasonable good faith reliance of law enforcement). Based on the totality of the circumstances, the Court finds the affidavit contains sufficient information to allow the conclusion that a fair probability existed that seizable evidence would be found inside 4033 Acushnet "D."

In his affidavit, Detective Garcia explains that he "conducted a trash pick up on the suspected party Mario Hernandez at 4033 Acushnet Apartment D," where he recovered two kilo wrappings and on large ziploc bag, both of which had a white powder residue on them.  According to his affidavit,  "[A] field test was done on the items and they tested positive for cocaine."  This portion of the affidavit includes "facts and circumstances" and is not conclusory.  Moreover, Detective Garcia further states in his affidavit that Defendant (1) is in charge of and controlled the residence located at 4033 Acushnet "D," (2) has previously been arrested for drug possession and aggravated assault, and (3) has "suspected ties to a Texas prison gang."  Lastly, Detective Garcia states that a reliable informant told him that Defendant distributes large amounts of cocaine in the Corpus Christi

---

[4] The Court agrees Detective Garcia's statement that Defendant "is in charge of" and "controlled" the address is conclusory because Detective Garcia does not offer any facts to support the statement. Standing alone, this statement is insufficient to establish probable cause. *See United States v. Brown*, 941 F.2d 1300, 1303 (5th Cir. 1991). Detective Garcia's statement that he received information form a "reliable informant" that Defendant distributes cocaine in the Corpus Christi area is also not sufficient to establish probable cause because the affidavit does not contain any information corroborating the informant's veracity, reliability, and basis of knowledge. *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994).

area. The Court finds this information, collectively, provides a substantial basis for the magistrate judge to conclude the search warrant would uncover evidence of wrongdoing.

For the same reasons, the Court finds this information, in its totality, supported a good faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause.[5] Defendant's objection is overruled.

### III. Conclusion

For the foregoing reasons, the Court finds the *Leon* good-faith exception to the exclusionary rule applies in this case. Defendant's motion to suppress is DENIED (D.E. 9).

ORDERED September 1, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

---

[5] In *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003), the Eight Circuit Court of Appeals held that the presence of marijuana seeds and stems found in the defendant's garbage was sufficient *stand-alone* evidence to establish probable cause. In *United States v. Sauls*, 192 Fed. Appx. 298, 300 (5th Cir. 2006), the Fifth Circuit Court of Appeals cited to and acknowledged the holding in *Briscoe*. Although the Fifth Circuit has not adopted the holding in *Briscoe*, it is important to note that the Fifth Circuit has not rejected the holding in *Briscoe*. In lieu of these cases, the Court notes that it is not objectively unreasonable for an officer to believe that finding drugs in a garbage can is adequate to establish probable cause.